UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

J.L. NIEMAN,

    Plaintiff,

v.                                        Case No. 3:17-cv-01430-HES-JRK

NATIONAL CLAIM ADJUSTERS, INC., AND
DAVID P. IERULLI,

    Defendants.
_____/

## ORDER

**THIS CAUSE** is before this Court on Defendants National Claim Adjusters, Inc. and David P. Ierulli's Motion to Dismiss (Dkt. 13) and Plaintiff J.L. Nieman's Response in Opposition thereto (Dkt. 14). Having considered the parties' arguments, this Court enters the following Order.

Plaintiff Nieman, proceeding *pro se* in this matter, is a property and casualty insurance claims professional whose duties require him to deploy throughout the United States. (Dkt. 12 ¶ 8). Plaintiff Nieman previously brought a claim against Defendants alleging, among other things, violations of the Fair Labor Standards Act (FLSA) and 26 U.S.C. § 7434. Neiman's claims are premised on an assertion that he was an employee of Defendants rather than an independent contractor. After a thorough analysis, the Court concluded that Nieman's allegations were insufficient to render him an employee as defined by the FLSA. Nieman's federal claims were accordingly dismissed. As the Court's subject matter jurisdiction was entirely predicated on Neiman's federal claims, the Court declined to exercise supplemental jurisdiction over the remaining state claims and dismissed the entire Complaint without prejudice.

Nieman filed his Amended Complaint on July 20, 2018. (Dkt. 12). Defendants subsequently filed a second motion to dismiss. (Dkt. 13). Because the Amended Complaint does not cure the defects present in the prior complaint, the Court concludes that Nieman's Amended Complaint must be dismissed as well.

To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.' " *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A district court is required to construe the complaint broadly, *Levine v. World Fin. Network Nat'l Bank*, 437 F.3d 1118, 1120 (11th Cir. 2006), and the allegations in the complaint must be viewed in the light most favorable to the plaintiff. *Hawthorne v. MacAdjustment, Inc.*, 140 F.3d 1367, 1370 (11th Cir. 1998). Nonetheless, "a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. The factual allegations contained within the complaint "must be enough to raise a right to relief above the speculative level." *Id.*; *Watts v. Fla. Int'l Univ.*, 495 F.3d 1289 (11th Cir. 2007). Conclusory allegations are not entitled to a presumption of truth. *Iqbal*, 556 U.S. at 681.

Here again, Nieman's federal claims—and the basis of this Court's subject-matter jurisdiction[1]—hinge entirely on the alleged nature of Nieman's employment relationship with the Defendants. In its previous Order of dismissal, the Court applied the "economic realty" test, which consists of the following factors:

> (1) the nature and degree of the alleged employer's control as to the manner in which the work is to be performed;
>
> (2) the alleged employee's opportunity for profit or loss depending upon his managerial skill;

---

[1] No diversity jurisdiction exists in this case as all parties are citizens of Florida. *See* 28 U.S.C. § 1332.

>   (3) the alleged employee's investment in equipment or materials required for his task, or his employment of workers;
>   (4) whether the service rendered requires a special skill;
>
>   (5) the degree of permanency and duration of the working relationship;
>
>   (6) and the extent to which the service rendered is an integral part of the alleged employer's business.

*Scatland v. Jeffry Knight, Inc.*, 721 F.3d 1308, 1311–12 (11th Cir. 2013). The Court concluded that, as alleged, five of the six factors weighed heavily against finding that Nieman worked for Defendants in any capacity other than as an independent contractor. (Dkt. 11 pp. 5–11). The substantively identical allegations contained within the Amended Complaint do not warrant a different conclusion.

Indeed, the Amended Complaint is virtually undistinguishable from the initial Complaint, save the allegations more strenuously insist on the level of control Defendants exerted over the manner in which Nieman performed his work. An assertion that one's work product is "strictly controlled," however, and alleging facts that support a conclusion of "strict control" are separate things.

"Requests to modify . . . field estimates" in the form of "formatting changes" and "estimate summaries," for instance, do not suffice to establish the level of degree and control contemplated by the FLSA. (Dkt. 12 ¶ 21); *see Talbert v. Am. Risk Ins. Co.*, 405 F. App'x 848, 856 (5th Cir. 2010). Neither does the Defendants' insistence that Nieman utilize certain claims systems and upload completed work to those same systems suffice. *See id.* at 855–56 (affirming district court's finding that hurricane claim adjuster worked as independent contractor rather than an employee where the adjuster was required to enter information concerning the claims she was handling into defendant's computer program).

3

Nieman does not suggest that Defendants, rather than himself, ultimately controlled the number of hours he worked for Defendants. *See id.* Excepting telephone calls and electronic communications, the allegations suggest that Nieman performed most of his tasks with little or no daily supervision. Neiman was a licensed professional, and he, not the Defendants bore the expense of licensing. (Dkt. 12 ¶ 17); *Talbert*, 405 F. App'x at 855–56 (hurricane claim adjuster properly classified as independent contractor where, among other things, adjuster paid for her own licensing). The Amended Complaint suggests that nothing prevented Nieman from working for other insurance companies—and he indeed did so—during the course of his relationship with Defendants. (Dkt. 12 ¶¶ 16–17); *Talbert*, 405 F. App'x at 855–56 (hurricane claim adjuster properly classified as independent contractor where, among other things, adjuster represented to defendant that she had previously worked as an independent contractor). And finally, a belief that a temporary role might "potentially" evolve into a permanent one, (*Id.* ¶ 19), is indicative of the lack of an employment relationship, not the converse. *Talbert*, 405 F. App'x at 856 (hurricane claim adjuster properly classified as independent contractor where, among other things, adjuster understood the position to be temporary and the employment contract reflected her status as a "contractor").

In sum, "[t]he particular circumstances of [Nieman's] brief relationship with [Defendants] following Hurricane [Irma], considered in their entirety, do not reflect, as a matter of economic reality, the degree of economic dependence on [Defendants] that constitutes employee status." *Id.*

Because it appears clear to the Court that Nieman can allege no set of facts from which the Court could conclude that he worked for Defendants as anything other than an independent contractor, Nieman's federal claims will be dismissed with prejudice. Nieman will remain free,

however, to pursue his remaining state law claims in an appropriate forum should he choose to do so.

Accordingly, it is **ORDERED**:

1. Defendants National Claim Adjusters, Inc. and David P. Ierulli's Motion to Dismiss (Dkt. 13) is **GRANTED**;

2. Count I (Violations of the Fair Labor Standard Act) and Count VIII (Violations of 26 U.S.C. § 7434) of the Amended Complaint are **DISMISSED with prejudice**;

3. The Amended Complaint's remaining claims are **DISMISSED without prejudice**;

4. The Clerk is directed to **CLOSE** this case.

**DONE AND ENTERED** at Jacksonville, Florida, this ___ day of October, 2018.

HARVEY E. SCHLESINGER
UNITED STATES DISTRICT JUDGE

Copies to:
J.L. Nieman, *pro se*
Alison Breiter, Esq.
Peter J. Mackey, Esq.